# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CELESTINE GREEN THOMPSON, <br>            Appellant, | DOCKET NUMBER <br> AT-0752-15-0303-I-1 |
|        v. | |
| DEPARTMENT OF HOMELAND <br>    SECURITY, <br>            Agency. | DATE: July 22, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Celestine Green Thompson</u>, Pompano Beach, Florida, pro se.

<u>Kaleb M. Kasperson</u>, Miami, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal without prejudice as prematurely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we DENY the petition for review, AFFIRM the initial decision as MODIFIED by this Order, finding that the appellant's appeal is now ripe for adjudication, and FORWARD the case to the regional office for docketing and adjudication as a refiled appeal.

## BACKGROUND

¶2 Effective January 24, 2015, the agency removed the appellant from her position of Mission Support Assistant based on the following charges: (1) willful refusal to comply with an instruction of a supervisor; and (2) conduct unbecoming a federal employee. Initial Appeal File (IAF), Tab 8 at 50-56. In its decision letter, the agency informed the appellant of her Board appeal rights and the procedures for filing a formal complaint of discrimination regarding the action with the agency. *Id.* at 52-54. The appellant filed a formal equal employment opportunity (EEO) complaint of discrimination with the agency on January 27, 2015. *Id.* at 17-20. The next day, she sent the agency an email amending her EEO complaint to include her removal. *Id.* at 47-48. The agency accepted the appellant's complaint for investigation. IAF, Tab 11 at 6-9.

¶3 On February 3, 2015, the appellant appealed her removal to the Board, raising claims of harmful error and retaliation for EEO activity and whistleblowing. IAF, Tab 1. Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal without prejudice as prematurely filed. IAF, Tab 12, Initial Decision (ID) at 1, 7-8. He found that the appellant

made an informed election to challenge her removal first via the agency's EEO complaint process by amending her pending formal EEO complaint on January 28, 2015, prior to filing her Board appeal on February 3, 2015.  ID at 5.  Accordingly, the administrative judge held that her right to appeal her removal to the Board had not vested and found it prudent to dismiss the appeal without prejudice under 5 C.F.R. § 1201.154(c).  ID at 5.

¶4        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        Where an appellant has filed a timely formal complaint of discrimination with the agency prior to appealing to the Board, the right to appeal does not vest until either the agency issues a final decision on the discrimination complaint or 120 days elapse from the date the discrimination complaint is filed with the agency.  *Price v. Department of Veterans Affairs*, 105 M.S.P.R. 126, ¶ 9 (2007); 5 C.F.R. § 1201.154(b).  In her petition for review, the appellant contests the administrative judge's finding that the email she sent on January 28, 2015, amended her EEO complaint to include her removal.  PFR File, Tab 1 at 4.  However, she does not adequately explain why the challenged factual determination is incorrect or identify specific evidence in the record that demonstrates the error.  *See* 5 C.F.R. § 1201.115(a).  We agree with the administrative judge that the appellant made an informed election to challenge her removal through the EEO complaint process by sending the email before she filed her Board appeal, and that such election was binding.  *See* ID at 4-7; *see also Carey v. Department of the Interior*, 103 M.S.P.R. 534, ¶ 11 (2006).  Therefore, we find that the administrative judge properly dismissed her appeal without prejudice as prematurely filed under 5 C.F.R. § 1201.154(c).

¶6        The appellant further argues that the administrative judge erred by not providing her requested hearing.  PFR File, Tab 1 at 3.  An appellant's right to a

hearing generally is contingent on the appellant filing a timely appeal within the Board's jurisdiction. *See* 5 C.F.R. § 1201.24(d). We find that the appellant had no entitlement to a hearing because her appeal was premature, and thus the Board lacked jurisdiction to adjudicate it. *See* 5 C.F.R. § 1201.154. Additionally, she has not explained how any procedural error or abuse of discretion affected the outcome of the case. *See* 5 C.F.R. § 1201.115(c). The appellant also argues that the administrative judge was biased. PFR File, Tab 1 at 3. We find her broad allegation of bias insufficient to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Finally, we decline to discuss the appellant's arguments on review addressing the merits of her appeal because they do not address the relevant jurisdictional issue. PFR File, Tab 1 at 4-5.

¶7      Although we agree with the administrative judge's conclusion that the appellant's appeal was premature, we modify the initial decision to find that the appellant's appeal is now ripe for adjudication because 120 days have elapsed since she filed her amended EEO complaint. *See Price*, 105 M.S.P.R. 126, ¶ 10; *see also* 5 C.F.R. § 1201.154(b)(2). Therefore, we find it appropriate to forward the case to the regional office. *See Price*, 105 M.S.P.R. 126, ¶ 10.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the

---

[2] The administrative judge did not afford the appellant notice of appeals rights under the Whistleblower Protection Enhancement Act of 2012 or notice of her mixed-case right to appeal her discrimination claims to the Equal Employment Opportunity Commission and/or the United States District Court. We notify the appellant of her proper appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their

respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.